# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 30, 2019

* * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MAYA SANDOVAL, | * | UNPUBLISHED |
| | * | |
| | * | No. 16-304V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| | * | Decision on Damages; Influenza |
| SECRETARY OF HEALTH | * | (Flu) Vaccine; Shoulder Injury |
| AND HUMAN SERVICES, | * | Related to Vaccine Administration |
| | * | (SIRVA) |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

*Michael A. Firestone,* Marvin Firestone, MD, JD & Associates, San Mateo, CA
*Camille M. Collett,* Department of Justice, Washington, D.C.

## DECISION ON DAMAGES[1]

On March 8, 2016, Maya Sandoval ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of receiving an influenza ("flu") vaccination on October 18, 2013. Petition (ECF No. 1) at Preamble.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On May 3, 2019, the undersigned held a hearing on entitlement. On July 12, 2019, the undersigned filed a Ruling on Entitlement, to which I found petitioner was entitled to compensation. Ruling on Entitlement (ECF No. 87).

On September 27, 2019, respondent filed a Proffer on an award of compensation, which indicates petitioner's agreement to compensation on the terms set forth therein. Proffer (ECF No. 92). I have reviewed the Proffer and do award damages in accord with it. The Proffer is incorporated herein and made part of hereof as Appendix A. Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

**Consistent with the terms of the Proffer, the undersigned awards the following in compensation:**

(A) **A lump sum payment of $368,730.24, representing compensation for lost earnings ($235,790.24), pain and suffering ($125,000.00), and past and future cleaning assistance ($7,940.00), in the form of a check payable to petitioner, Maya Sandoval.**

This amount accounts for all elements of compensation under 42 U.S.C. §300aa-15(a).

The Clerk of the Court is directed to **ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

|  |  |  |
|---|---|---|
| | ) | |
| MAYA SANDOVAL, | ) | |
| | ) | |
| | ) | No. 16-304V |
| Petitioner, | ) | Special Master Gowen |
| | ) | ECF |
| v. | ) | |
| | ) | |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On July 12, 2019, Special Master issued a Ruling on Entitlement finding that petitioner

suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986,

as amended, 42 U.S.C. §§ 300aa-1 to -34.  On July 17, 2019, the Special Master issued a

Damages Order.  The items and amounts of compensation set forth herein are being proffered in

accordance with the Special Master's Damages Order.[1]

**I.      Items of Compensation**

   A.      Lost Earnings

The Special Master found that petitioner has suffered a past loss of earnings and will

suffer a loss of earnings in the future, and requested that counsel "work…to solidify a number on

---

[1] The items and amounts of compensation being proffered are in accordance with the Special
Master's July 17, 2019, Damages Order.  Assuming the Special Master issues a damages
decision in conformity with this proffer, the parties waive their right to seek review of such
damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e),
to seek review of the Special Master's July 12, 2019, entitlement decision and/or July 17, 2019,
Damages Order.

wage loss or come to a compromise." Respondent proffers that the appropriate award for petitioner's past and future lost earnings, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A), is $235,790.24. Petitioner agrees.

B.    Pain and Suffering

The Special Master awarded petitioner $125,000.00 in actual and projected pain and suffering.

C.    Cleaning Assistance

The Special Master awarded petitioner $2,940.00 in past cleaning assistance expenses and $5,000.00 for future cleaning assistance expenses.

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[2] Petitioner agrees.

## II.    Form of the Award

The parties recommend that the compensation provided to Maya Sandoval should be made through a lump sum payment as described below, and request that the Special Master's decision and the Court's judgment award the following:

A.  A lump sum payment of $368,730.24, representing compensation for lost earnings ($235,790.24), pain and suffering ($125,000.00), and past and future cleaning assistance ($7,940.00), in the form of a check payable to petitioner, Maya Sandoval.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/Camille M. Collett*
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4098

Date: September 27, 2019